IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WEST POINT AUTO & TRUCK CENTER, Inc.;<br><br>Plaintiff,<br><br>vs.<br><br>LYNN KLITZ, KIMBERLY B. KLITZ, and EQUIPMENT SERVICES, INC.,<br><br>Defendants. | 8:20CV194<br><br>ORDER |

    This matter is before the Court on Plaintiff's Motion to Strike Defendants' Jury Demand. ([Filing No. 60](#).) For the reasons explained below, the motion will be denied.

## BACKGROUND

    This lawsuit arises out of an Asset Purchase Agreement ("Agreement") between the parties. ([Filing No. 1](#).) The Agreement contained a waiver of jury trial provision, which provided:

> The parties each acknowledge that the right to trial by jury is a constitutional right, but that it may be waived, and that the time and expense required for trial by a jury may exceed the time and expense required for trial without a jury. Buyer and Seller, each after consulting (or having had the opportunity to consult) with legal counsel of their choice, each knowingly and voluntarily, and for the mutual benefit of each other, waive any right to trial by jury in the event of litigation regarding the performance or enforcement of this Agreement.

([Filing No. 61](#).) Despite this jury waiver, Plaintiff included a jury request in its Complaint, which states: "Plaintiff respectfully demands a trial by jury on all issues presented herein." ([Filing No.

1.) Defendants also requested a jury trial in their Answer. (Filing No. 21.) The parties' Rule 26(f) Report further noted: "A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury." (Filing No. 25.) Plaintiff now seeks to strike Defendants' jury demand and requests a bench trial on all remaining claims.

## DISCUSSION

Plaintiff's Complaint asserted seven causes of action. (Filing No. 1.) The parties have now stipulated to the dismissal of five claims, leaving only the breach of contract claim and claim for breach of the covenant of good faith and fair dealing. Plaintiff argues that because the two remaining claims arise directly from the Agreement, Defendants' jury demand should be stricken based on the jury waiver contained in the Agreement. Defendants do not dispute that the parties contractually waived their right to a jury trial in the Agreement. However, Defendants argue that Plaintiff waived its right to assert this waiver when Plaintiff demanded a jury trial in its Complaint, agreed to a jury trial in the Rule 26(f) Report, and failed to object to Defendants' jury demand for over ten months. Therefore, according to Defendants, the jury demand can only be withdrawn with their consent.

The Seventh Amendment of the United States Constitution guarantees the right to a jury trial in certain civil cases, and Fed. R. Civ. P. 38(a) provides, "[t]he right of trial by jury as declared by the Seventh Amendment . . . is preserved to the parties inviolate." The right to a jury trial may be expressly or impliedly waived, and "[a]n express waiver of the right to a jury trial may occur by contract." *Thomas v. Vista A & S 2006-I LLC*, No. 4:09CV3143, 2010 WL 3119802, at *1 (D. Neb. Aug. 5, 2010). Still, because the right to a jury trial is a fundamental one, a presumption against finding a waiver exists. *See Aetna Ins. Co. v. Kennedy,* 301 U.S. 389 (1937). Only a knowing and voluntary waiver will be deemed valid. *See Coop. Fin. Ass'n, Inc. v. Garst,* 871 F. Supp. 1168, 1171 (N.D. Iowa 1995).

Under the Federal Rules of Civil Procedure, a party waives a jury trial unless its demand is properly served and filed. Fed. R. Civ. P. 38(d). "A proper demand may be withdrawn only if the parties consent." *Id*. In the jury demand, a party may specify the issues it wishes to have tried by a jury. *Id*. If no issues are specified, the party "is considered to have demanded a jury trial on

all the issues so triable." Id. Pursuant to Federal Rule of Civil Procedure 39(a), when a jury trial has been demanded under Rule 38, the trial on all issues demanded must be by jury unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a).

Plaintiff argues that because Defendants' jury demand was "improper" under Rule 38, the waiver provision contained in the Agreement should be enforced. Plaintiff contends that by submitting a jury demand, it did not clearly and unequivocally relinquish the right to enforce the jury waiver provision in the Agreement. Plaintiff maintains it only requested a jury trial in its Complaint for purposes of efficiency and to preserve its right to a jury trial for claims which may have been considered outside the scope of the Agreement. Additionally, Plaintiff asserts Defendants would not be prejudiced if the jury demand was stricken because trial has not been set and the parties agreed to a bench trial. The Court finds Plaintiff's arguments unpersuasive.

In *In re Borowiak IGA Foodliner, Inc.*, 879 F.3d 848, 849 (8th Cir. 2018), the plaintiff filed suit asserting claims arising from a supply agreement between the parties. The plaintiff's complaint demanded a jury trial. The defendant filed an answer, affirmative defenses, counterclaim, and third-party complaint, and subsequently moved to amend. The trial court granted the defendant's motion for leave to amend. The amended pleading included a jury demand requesting a jury trial on all matters triable to a jury. However, while the motion to amend was pending, the defendant moved to strike the plaintiff's jury demand based on a jury waiver provision contained in agreements between the parties. The trial court granted the motion to strike finding the defendant did not waive its contractual right by requesting a jury trial in its amended answer. The Eighth Circuit Court of Appeals vacated the trial court's order and directed that the jury trial be reinstated. The Eighth Circuit rejected the defendant's argument that the jury demand was only included in the amended answer as a precautionary measure, stating that the jury demand could not be disregarded as a contingency plan as the jury demand did not say it was contingent. The Eighth Circuit found that under the rules of procedure, once the defendant "advanced this broad demand for a jury, the demand could not be withdrawn without the consent of the parties." Id.

As in *Borowiak*, Plaintiff included a broad jury demand in its Complaint. Plaintiff's demand was not limited to certain claims. Further, Plaintiff agreed to a jury demand in the parties' Rule 26(f) Report and never objected to Defendants' demand. If Plaintiff was only asserting the

3

demand for purposes of efficiency and contingency, it should have so noted in its demand and the Rule 26(f) Report. Under the Federal Rules of Civil Procedure, once a jury demand is made, it cannot be withdrawn without the consent of all parties. Such consent is not present in this case. Therefore, Plaintiff's Motion to Strike Defendants' Jury Demand will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendants' Jury Demand (Filing No. 60) is denied.

Dated this 1st day of October, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge